IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FARZONA OKILDZHON ZADE, et al.,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**UNITED STATES OF AMERICA, et al.,**<br><br>*Defendants*. | Case No. 2:23-cv-02344-JDW |

### MEMORANDUM

A.A. and N.A. are minors who, through their parent and guardian, Akobirkhodzha Akramov, have reached a settlement with the Unites States of America and Jeffrey Markowitz to resolve their negligence claims. On November 18, 2024, A.A. and N.A. filed Petitions To Approve The Settlement And Distribution. After review, I will approve both Petitions.

**I.  BACKGROUND**

On June 3, 2021, A.A. and N.A. were passengers in a motor vehicle that their mother Farzona Zade was operating. At the intersection of State Route Highway 63 (a/k/a Red Lion Road) and Haldeman Avenue in Philadelphia, Ms. Zade was involved in a multi-car collision resulting in a car being pushed into their vehicle. The initial collision occurred between vehicles that Dennis Lucente and Mr. Markowitz were operating. Mr. Lucente was driving in a car that the United States owned because he works for the Government.

A.A. and N.A. filed claims against Mr. Markowitz and the United States, asserting common law negligence claims and seeking compensatory damages, attorneys' fees, and costs. A.A. and N.A. have reached a settlement with Mr. Markowitz in which each of them will receive $1,000. A.A.'s counsel seeks a 33 1/3 percent contingent fee of each net settlement. For A.A., there were $34.54 in litigation costs, leaving a net settlement of $965.46. Counsel fees would therefore total $321.49. For N.A., there were $26.93 in litigation fees, leaving a net settlement of $973.07. Counsel fees would be $324.03 Both minor-Plaintiffs agreed to release the United States without payment. Minor-Plaintiffs ask me to approve the settlement and the distribution of settlement proceeds.

## II.     LEGAL STANDARD

The Court's Local Rules of Civil Procedure require court approval for the settlement of claims involving a minor's interests. L. R. Civ. P. 41.2(a). "No distribution of proceeds shall be made out of any fund obtained for a minor . . . as a result of a compromise, settlement, dismissal or judgment unless approved by the court." L. R. Civ. P. 41.2(b). Likewise, "[n]o counsel fee, costs[,] or expenses shall be paid out of any fund obtained for a minor . . . as a result of a compromise, settlement, dismissal, or judgment unless approved by the court." L. R. Civ. P. 41.2(c). In evaluating the proposed settlement, I must "determine the fairness of [the] settlement agreement and the reasonableness of any attorneys' fees to be paid from the settlement amount . . . ." *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 667 (E.D. Pa. 2000).

**III.    ANALYSIS**

    **A.    Fairness And Allocation Of The Settlement Amount**

The proposed settlement is fair, reasonable, and in the best interests of A.A. and N.A. It provides value to the minor-Plaintiffs and avoids the risks of trial. Thus, I will approve the proposed settlement. Both minor-Plaintiffs brought only a single claim against Mr. Markowitz, so the full allocation of the settlement to each respective common law negligence claim is appropriate.

    **B.    Reasonableness Of Attorneys' Fees And Costs**

When assessing the reasonableness of counsel fees, "a court 'is not bound to all of the terms of a contingency fee arrangement' involving minors." *Matter of McLean Contracting*, No. 14-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017) (quoting *Calvert v. General Acc. Ins. Co.*, No. 99-3599, 2000 WL 124570, at *6 (E.D. Pa. Feb. 2, 2000)). Instead, the analysis begins with the "presumptive lodestar" that the "the court of common pleas in the county with jurisdiction over the minor" determines. *Nice*, 98 F. Supp.2d at 670. The court may then "adjust that lodestar depending upon the effectiveness of counsel's performance under the circumstances," considering factors such as "the amount of work performed," "the character of the services rendered," and "the difficulty of problems involved." *Id.* at 670–71.

A.A. and N.A. are residents of Philadelphia, so they would be under the jurisdiction of the county's Court of Common Pleas. For a petition to approve a settlement with a

minor, the Philadelphia Court of Common Pleas states that "[c]ounsel fees of one-third (1/3) of the net fund recovered may be considered reasonable, subject to the approval of the Court. The net fund is calculated by subtracting the attorney's reimbursable costs from the gross settlement amount." Philadelphia Cty. L. R. Civ. P. 2039(F).

Plaintiff's counsel requests a fee of 33 1/3 percent of the net settlement amount for A.A. and N.A. That comes out to $321.49 in fees for representing A.A. and $324.03 for representing N.A., totaling $645.52. This is in accordance with Philadelphia County methodology. Accordingly, I find that the requested fee is reasonable. Finally, I approve counsel's costs, in the amount of $61.47, which reflects $34.54 in costs for A.A. and $26.93 in costs for N.A. These costs were incurred to obtain medical records and are reasonable under the circumstances of this case.

## IV.   CONCLUSION

For the reasons stated above, I will approve the Petitions To Approve The Settlement And Distribution. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

December 3, 2024